PASSAIC COUNTY COURT OF COMMON PLEAS.

JACK DONNELLY, PETITIONER-APPELLEE, v. WRIGHT AERONAUTICAL CORP., RESPONDENT-APPELLANT.

Decided November 5, 1945.

For the petitioner-appellee, *Nathan Rabinowitz* and *Isadore Rabinowitz*.

For the respondent-appellant, *John W. Taylor.*

DELANEY, C. P. J. This is an appeal from a finding of facts and rule for judgment entered by Deputy Commissioner Stahl in the Workmen's Compensation Bureau, awarding petitioner-appellee compensation for thirty per cent. permanent loss of the left eye. No question is raised on this appeal by respondent-appellant as to the happening of the accident in the course and out of the employment or that the injury resulted from foreign bodies entering the eye or that said accident resulted in a permanent injury to his left eye.

The sole question raised here by respondent concerns the *quantum* of the award, respondent claiming that the deputy commissioner had no power to make an award in excess of any estimate submitted by physicians testifying in the case.

The physician for petitioner, Dr. Atwood, testified that the loss of vision was about twenty per cent. The doctor for

respondent testified that "ten per cent. disability could be. allowed considering the disfigurement caused by the scar and my estimate was ten per cent. disability." In response, however, to the question on direct examination, "You say that the estimate of loss of vision is ten per cent. then?" he testified, "That is the way I feel about it." This is a bit confusing, since he included "disfigurement" of the scar in the ten per cent. estimate and immediately afterward estimated the "loss of vision" alone at ten per cent.

We are not convinced that Dr. Lobsenz considered in his estimate of the loss of vision the interference that the scar caused to the vision, as did the commissioner.

Dr. Atwood's estimate of twenty per cent. does not include the physical disfigurement of the scar, nor its interference with the vision. In his opinion, the deputy commissioner allowed the claimant thirty per cent., saying:

"It seems to me in this case to come to a conclusion as to the extent of permanent disability. It is not so much how much loss of vision the petitioner has suffered by reason of these scars, but it is rather the interference that has resulted. In other words, one may have a vision that is not disturbed as to acuity, but because some mechanical defect is in there interfering with the vision that becomes just as much a disability as if the man's visual acuity were disturbed. * * * I feel there is considerable interference there, which in turn affects the function of the eye. * * * And so I feel with this large scar in the pupillary area which this man has, he, to a marked degree, is suffering a loss of function of the eye. * * *

"But I am inclined to believe the permanent impairment of this man's eye is much greater by reason of this scar, which looks very much like a cataract, and in considering that, there is no question in my mind that it interferes with the man's ability to see and also to use his eye."

The tests or charts referred to by the doctors take into consideration only loss of vision. The commissioner in his award included an additional feature, the interference of the scar with the vision.

The commissioner sits as a judge of the facts as well as the law, and his judgment of a fact should not be loosely disturbed unless it is an abuse of discretion or against the weight of the evidence.

In *Everhart* v. *Newark Cleaning and Dyeing Co.*, 120 *N. J. L.* 474; 200 *Atl. Rep.* 759, 760, the court said:

"Disability in the statutory sense is rarely, if ever, susceptible of precise admeasurement. Of course, the medical testimony is not conclusive. In a case such as this, the question is one peculiarly for the experienced judgment of the determinator of the facts, who is of necessity guided largely by his own observation of the disfigured employee."

Here there was no arbitrary decision, but the commissioner has substantiated his conclusion with valid observations, one means of discovering facts.

"Considerable weight should be given the findings of fact as found by the Deputy Compensation Commissioner, as he had the opportunity of hearing and observing the witnesses, which the Court of Common Pleas did not have." *Kaltman & Co.* v. *Itzkowitz*, 135 *N. J. L.* 191; 43 *Atl. Rep.* (*2d*) 384, 285.

The judgment of the Workmen's Compensation Bureau is affirmed.